


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL TORRES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-1817-B |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Daniel Torres, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2003, petitioner was convicted of capital murder and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Torres v. State*, No. 08-03-00152-CR, 2004 WL 804612 (Tex. App.--Dallas, Apr. 15, 2004, pet. ref'd), *cert. denied*, 125 S.Ct. 1597 (2005). Petitioner also filed two applications for state post-conviction relief. His first writ was dismissed for failure to comply with Tex. R. App. P. 73.1. *Ex parte Torres*, WR-67,975-02 (Tex. Crim. App. Jan. 16, 2008), *rec. denied*, (Tex. Crim. App. Mar. 6, 2008). His second writ was denied without written order. *Ex parte Torres*, WR-67,975-04 (Tex. Crim. App. Sept. 16, 2009). Petitioner then filed this action in federal district court.

II.

In three grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel; (2) his conviction was the result of a coerced confession; and (3) the prosecutor misled the jury during closing arguments.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a pleading filed on January 8, 2010. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to life imprisonment for capital murder. His conviction was affirmed by the court of appeals on April 15, 2004. The Texas Court of Criminal Appeals refused a petition for discretionary review on September 22, 2004, and the U.S. Supreme Court denied certiorari review on March 7, 2005. Petitioner filed two applications for state post-conviction relief. His first writ was filed on November 14, 2005, and dismissed on January 16, 2008. Petitioner filed a motion for reconsideration on February 20, 2008, which was denied on March 6, 2008. A second writ was filed on June 24, 2008, and denied on September 16, 2009. Petitioner filed this action in federal court on September 23, 2009.

The AEDPA statute of limitations started to run on March 7, 2005, when petitioner's conviction became final upon the denial of certiorari review. *See* 28 U.S.C. § 2244(d)(1)(A). Although petitioner filed an application for state post-conviction relief on November 14, 2005, which remained pending until January 16, 2008, a total of 794 days, the writ was procedurally defective.[1]

---

[1] Tex. R. App. P. 73.1 provides, in pertinent part:

> An application for post conviction habeas corpus relief in a felony case without a death penalty, under Code of Criminal Procedure article 11.07, must be made in the form prescribed by the Court of Criminal Appeals in an order entered for that purpose.

* * * *

Therefore, petitioner is not entitled to statutory tolling during that period. *See Davis v. Quarterman*, No. 08-10495, 2009 WL 2710057 at *1 (5th Cir. Aug. 27, 2009), *cert. denied*, No. 09-7570 (U.S. Jan. 19, 2010) (state writ dismissed pursuant to Tex. R. App. P. 73.1 was not "properly filed" within the meaning of section 2244(d)(1)(A) and did not toll AEDPA statute of limitations).

Even if the court tolls the AEDPA statute of limitations for 794 days while petitioner's state writ was pending,[2] his federal writ is still untimely. Petitioner waited 252 days after his conviction became final on March 7, 2005 to file his first state writ. After the writ was dismissed, petitioner waited 35 days until February 20, 2008 to file a motion for reconsideration. That motion was denied on March 6, 2008. Petitioner then waited 110 days until June 24, 2008 to file a second state writ, which remained pending until September 16, 2009. This action was filed seven days later on September 23, 2009--39 days after the one-year limitations period expired.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

---

> The person making the application must provide all information required by the form. The application must specify all grounds for relief, and must set forth in summary fashion the facts supporting each ground. The application must not cite cases or other law. Legal citations and arguments may be made in a separate memorandum. The application must be typewritten or handwritten legibly.

TEX. R. APP. P. 73.1(a) & (c). Petitioner's state writ was dismissed because many of his claims were presented in a separate brief, not on a court-approved form.

[2] The court is concerned that it took the Texas Court of Criminal Appeals 794 days to dismiss petitioner's state writ because of a procedural defect, thereby allowing the one-year limitations period to expire while the writ was pending. Because petitioner's federal writ is untimely in any event, the court need not decide whether that delay is grounds for an equitable tolling of the AEDPA statute of limitations. *Cf. Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (federal habeas petitioner may be entitled to equitable tolling if there is a "substantial delay" in receiving notice of denial of state writ and petitioner "pursued the process with diligence and alacrity" after receiving that notice).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 25, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE